IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES ISELEY, | : | CIVIL NO. 1:CV-05-0444 |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| JOHN TALABER, et al., | : | |
| Defendants | : | |

## **M E M O R A N D U M**

### I.   Introduction

Plaintiff Charles Iseley, an inmate currently housed at the State Correctional Institution at Fayette, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 2, 2005. Named as Defendants are Jeffrey Beard, Secretary of the Department of Corrections ("DOC") and John Talaber, assistant counsel for the DOC. In the complaint Plaintiff alleges that Defendants denied him access to publications and ordered their destruction in retaliation for his filing of a state court mandamus action against Beard. Talaber served as Beard's counsel in the state action. It is Plaintiff's assertion that he was "singled out" and, as a result of Defendants' actions, was unable to use the destroyed publications as exhibits in his underlying state court action. Plaintiff seeks a declaratory judgment and damages for the violation of the both the First Amendment and the Equal Protection clause. Presently pending is Plaintiff's motion for summary judgment. (Doc. 18.) The motion is fully briefed. Also pending is Defendants' motion to strike a declaration submitted by Plaintiff in support of his summary judgment motion. (Doc. 22.) The Court now turns to the merits of these motions.

### II.   Background

It is undisputed that in March of 2003, while confined at the State Correctional Institution at Pittsburgh, Pennsylvania, Plaintiff was transferred to the Long Term Segregation Unit (LTSU) within the prison. The LTSU is the most restrictive maximum security housing within the DOC designed for high-risk inmates. LTSU affords extremely limited programming and privileges. The LTSU Program has four (4) levels, with Level 4 being the highest, or most restrictive level. At the time relevant to the incidents alleged in the complaint Plaintiff was housed in Level 3. During his stay in the LTSU, certain publications were confiscated. Plaintiff filed a petition for writ of mandamus in the Commonwealth Court of Pennsylvania challenging the denial of the publications, and naming Defendant Beard as the respondent (Doc 28, Docket Sheet in Iseley v. Beard, No. 254 M.D. 2003 (Pa. Commw.)). Defendant Talaber represented Beard in this action. Plaintiff contends that he had planned to use the confiscated publications as exhibits in his state court action. However, Plaintiff contends that in June of 2003, in retaliation for his filing of the state court action, Beard and Talaber "singled him out" and ordered that the confiscated and any incoming publications destroyed. Because of the alleged destruction, Plaintiff claims he was unable to use the publications as exhibits in his state action. It is undisputed that the mandamus petition was dismissed due to Plaintiff's failure to exhaust available state remedies. In addition, the Commonwealth Court found that a valid, rational connection existed between the prison regulation and the legitimate and neutral governmental interest of rehabilitation and prison security put forward by Beard to justify the publication ban. (Id., Commw. Ct. Opinion dated Jan. 23, 2004.) As a result, Beard's cross motion for summary relief was granted. Plaintiff presently seeks summary judgment on his claims that Defendants violated the First Amendment and the Equal Protection Clause by singling him out and confiscating and destroying his publications in retaliation for his filing of the state action.

2

**III.     Discussion**

    **A.     Legal standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law" Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the initial responsibility of stating the basis for his motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material facts. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party can discharge that burden by "showing . . . that there is an absence of evidence to support the nonmoving party's case." Id. at 325. When determining whether there are any genuine issues of material fact, the court draws all inferences in favor of the non-moving party. Pa. Prot. & Advocacy, Inc. v. Pa. Dept. of Pub. Welfare, 402 F.3d 374, 379 (3d Cir. 2005)(citations omitted). Although the non-moving party receives the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact. Id. (citing Fed. R. Civ. P. 56(e)). The nonmoving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986); Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989). In addition, if the nonmoving party has the burden of proof at trial, that party must set forth facts "sufficient to establish the existence of an element essential to that party's case." Celotex Corp., 477 U.S. at 322.

**B.    Analysis**

In seeking summary judgment, Plaintiff comes forward with his own declaration made under penalty of perjury, as well as various other submissions. These documents include copies of Inmate Requests to Staff Members regarding the confiscation of his publications, an Order from the Supreme Court of Pennsylvania denying Plaintiff's appeal in his state mandamus case, copies of grievances, responses to and rejections of grievances and confiscation slips. (Doc. 35, Exs. 1-2, 4-12.) He also submits unsworn declarations of Tonya Edwards, Corrections Mail Inspector Supervisor at SCI-Pittsburgh, and Kay Kishbaugh, Policy Analyst within the DOC's Bureau of Standards. (Doc. 35, Ex. 3.)

In reviewing these documents, the Court will first address Defendants' motion to strike Plaintiff's declaration (Doc. 22.) The body of the declaration, in total, states as follows:

> 1. I am the plaintiff in the above-captioned matter.
>
> 2. In mid-2003 the prison guards at Pittsburgh state prison (PSP) informed me that Jeffrey Beard and his attorney, John Talaber, the defendants in the above-captioned matter, ordered them to destroy all my incoming publications that they had and to not allow me to send any of them to any court or anywhere else and the prison guards complied, alleging that I had no money (even though I did) to mail them anywhere and I was not allowed to send any of them to any court even though I told them they were legal exhibits for my state case and others; they destroyed my property.

(Doc. 20, Iseley Declar.) Defendants move to strike paragraph two (2) of the declaration as improper in that it sets forth facts not admissible in evidence. Defendants are correct in arguing that this paragraph is improper. Federal Rule of Civil Procedure 56(e) addresses the form of supporting and opposing affidavits for purposes of a summary judgment motion. It requires that the affidavits be made on personal knowledge, set forth facts as would be admissible in evidence, and show

4

affirmatively that the affiant is competent to testify to the matters stated therein.  A declaration made under penalty of perjury pursuant to the format as set forth in 28 U.S.C. § 1746 can be used in lieu of affidavits with the same force and effect.  See 28 U.S.C. § 1746(2); Powell v. Starr, 2006 WL 1133326 *1 (S.D. Ohio April 25, 2006).  Plaintiff's declaration clearly sets forth hearsay, and Plaintiff fails to establish that the alleged statements were made by a party-opponent's agent pursuant to Federal Rule of Evidence 801(d)(2)(D).  Accordingly, paragraph 2 of the declaration will be stricken from the record.

Plaintiff's other submissions in support of his motion do establish that while confined in the LTSU at SCI-Pittsburgh, his publications were confiscated, and that subsequent thereto, Plaintiff did file a state court mandamus action.  Plaintiff submits documents in an effort to support his argument that he either did exhaust as he was required to do, or was thwarted by prison officials from doing so with regard to the claims presented in the complaint.  While he argues that in June of 2003 Defendants ordered the destruction of his publications for the purpose of depriving him of access to the courts, all in retaliation for filing his state court action, Plaintiff fails to submit any evidence with supports his allegations.  He also fails to submit any documentary evidence that he was "singled out" by Defendants with regard to the alleged confiscation/destruction of his publications.

In opposing the summary judgment motion, Defendants submit a copy of the opinion issued by the Commonwealth Court of Pennsylvania in Plaintiff's state mandamus action which addresses the issue of the confiscation of Plaintiff's publications while confined in the LTSU.  The Commonwealth Court found that Plaintiff's rights were not violated.  As such, Defendants maintain that Plaintiff is precluded from now relitigating the confiscation issue in this court.  Also submitted is a copy of the docket sheet in the state mandamus action which reveals that Plaintiff's appeal to the

Pennsylvania Supreme Court was denied.

Defendants further submit the declaration made under penalty of perjury of Kristen Reisinger, DOC Assistant Chief Grievance Coordinator in the Secretary's Office of Inmate Grievances and Appeals (Doc. 28, Reisinger Declar.).  The Reisinger declaration is submitted to counter Plaintiff's allegations that he has successfully exhausted his claims, and reveals that he did not pursue relevant grievances to the final level of review within the DOC system.

Based upon a review of the record, the Court finds that Plaintiff has not proven each and every element of his case.  He does not point to parts of the record supporting the basis for his allegations and the absence of a genuine issue of material fact.  To the contrary, Defendants have come forth and countered Plaintiff's motion with sufficient probative evidence that demonstrates the existence of material issues of fact.  As such, Plaintiff's motion must be denied.  Defendants did not file a cross motion for summary judgment.  Based upon the docket sheet, it appears that little discovery has taken place.  It further appears that no scheduling order has ever been issued in this case.  As such, a discovery deadline of sixty (60) days will be imposed with any further dispositive motions to be filed within thirty (30) days from the close of discovery.

IV.  Order

**AND NOW, THEREFORE, THIS 20th DAY OF SEPTEMBER, 2006,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Defendants' Motion to Strike Declaration (Doc. 22) is **granted** to the extent that paragraph 2 of Plaintiff's Declaration (Doc. 20) is hereby stricken from the record.

2. Plaintiff's Motion for Summary Judgment (Doc. 18) is **denied**.

3. Discovery in this case shall be completed within sixty (60) days from the date of this Order. Any further dispositive motions shall be filed within thirty (30) days from the close of discovery.

    S/ Yvette Kane
    YVETTE KANE, Chief Judge
    United States District Court
    Middle District of Pennsylvania