IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES ISELEY, | : | CIVIL NO. 1:CV-05-0444 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JOHN TALABER , et al., | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

**I.   Introduction**

Plaintiff Charles Iseley filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 2, 2005, while an inmate at the State Correctional Institution at Houtzdale. He is currently confined in the Long Term Segregation Unit (LTSU) at the State Correctional Institution at Fayette, Pennsylvania. In the complaint Plaintiff alleges that Defendants denied him access to publications sent to him and ordered their destruction in retaliation for filing a state court mandamus action. Defendants are John Talaber, an assistant counsel for the Pennsylvania Department of Corrections ("DOC"), who represented the DOC in the state action brought by Plaintiff, and Jeffrey A Beard, the DOC's secretary who was the sole defendant named in the state action.[1]

Presently pending is Plaintiff's motion for preliminary injunction wherein he seeks an order requiring Defendant Beard to transfer him from the LTSU at SCI-Fayette back to "the hole" at SCI-Houtzdale. (Doc. 31.) He requests the return of two (2) boxes of personal property as well as his special privileges which include T.V., radio and regular commissary. Following an enlargement of time, Defendants responded to the motion on February 6, 2006. (Doc. 48.) A reply brief and

---

[1] The state action referred to is Iseley v. Beard, No. 254 M.D. 2003 (Pa. Commw. Ct.).

exhibits were filed on February 23, 2006. (Docs. 51-53.) The motion is ripe for consideration and, for the reasons that follow, will be denied.

## II.  **Background**

In the underlying complaint in this action Plaintiff states that he was transferred to the LTSU at the Western State Correctional Facility in Pittsburgh in March of 2003. While housed there, his incoming pre-paid subscriptions and other publications were confiscated from the mail because they were not "wholly religious" in nature. He claims that he did not receive confiscation slips for these items and that some of them were destroyed. It is his contention that the confiscations were improper because inmates are permitted to receive these items pursuant to 37 Pa. Code § 93.2 and under DOC-ADM 801 through 803. Plaintiff states that because of this activity, he filed a state mandamus action in the Commonwealth Court of Pennsylvania naming Defendant Jeffrey Beard as the sole respondent. Defendant Talaber served as legal counsel to Beard in the case. It is Plaintiff's claim in the current case that in June of 2003, Defendants Beard and Talaber ordered that all of Plaintiff's remaining confiscated publications be destroyed, and that he not be permitted to send them elsewhere. Any further incoming publications were also to be destroyed. Plaintiff claims that these publications were to be used as legal exhibits in his state court lawsuit. He contends that Defendants took this action in retaliation for Plaintiff's filing the state action in violation of the First and Fourteenth Amendments.

The basis of Plaintiff's pending motion for preliminary injunction is his transfer to the LTSU at SCI-Fayette from SCI-Houtzdale, which he claims was retaliatory. Plaintiff contends that he was afforded no due process protections prior to his transfer and claims that confinement in the LTSU strips him of privileges such as TV, radio, commissary and receiving personal publications. He also

2

claims that the conditions in the LTSU, which include continuous light and noise, are causing his health to deteriorate. Plaintiff seeks a court order directing his return to SCI-Houtzdale.

### III. Legal Standard

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. See American Tel. And Tel. Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994), cert. denied, 514 U.S. 1103 (1995). Moreover, issuance of such relief is at the discretion of the trial judge. Orson, Inc. v. Miramax, Film, Corp., 836 F. Supp. 309, 311 (E.D. Pa. 1993). "In the prison context, requests for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration . . . . Further where a plaintiff requests injunctive relief that would require the court to interfere with the administration of a state prison, the court must consider the principles of federalism in determining the availability and scope of equitable relief." Riley v. Snyder, 72 F. Supp.2d 456, 459 (D.Del. 1999).

In determining whether to grant a motion seeking preliminary injunctive relief, the Court must evaluate four factors: (1) the likelihood of success on the merits; (2) irreparable harm resulting from a denial of the relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest. United States v. Bell, Civ. No. 1:CV-01-2159, 2003 WL 102610, *2 (M.D. Pa. January 10, 2003) (J. Conner) (internal citations omitted). "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." In Re Arthur Treacher's Franchise Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982). It is the moving party that bears the burden of satisfying these factors. Bell, 2003 WL 102610 at *2.

3

**IV.     Discussion**

  **A.     Likelihood of success on the merits**

In order to prevail on a § 1983 claim, a plaintiff must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000); Schiazza v. Zoning Hearing Bd., 168 F.Supp. 2d 361, 372 (M.D. Pa. 2001). The incidents complained about in the motion for injunctive relief are not allegations found in his complaint. They relate to Plaintiff's alleged retaliatory transfer to the LTSU in December of 2005. These allegations could be pursued in a new lawsuit, but are not part of the instant litigation. Further, even if the claims were a part of this action, Plaintiff still cannot show a likelihood of success on the merits. The Defendants named in the instant action, Beard and Talaber, have not been shown to be involved in the decision to transfer Plaintiff in December of 2005. Defendant Talaber has submitted a sworn declaration which states that as assistant counsel for the Department of Corrections, he has no authority or involvement with regard to the transfer decisions of inmates. Defendant Beard has also submitted a declaration wherein he states that while he is the Secretary of the DOC, decisions regarding the transfer of inmates are made at the institutional level and he had no involvement in the transfer of Plaintiff. Clearly, under § 1983, he cannot be held accountable based upon the theory of respondeat superior. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Even if Plaintiff were able to overcome all of the foregoing obstacles, he still is unable to show he is likely to prevail on the merits for the following reasons. An inmate has no expectation

4

that he will be confined in any particular prison.  See Olim v. Wakinekona, 461 U.S. 238, 245-47 (1983).  To set forth a due process claim with regard to a transfer, Plaintiff would have to demonstrate a liberty interest in not being transferred.  While mandatory language in a state law or regulation can create a protected liberty interest, it does so only if the deprivation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).   This determination is made by evaluating the challenged conditions under which the inmate is confined.  Disciplinary and administrative segregation are the types of confinement inmates should expect to receive at some point during their confinement.  It is the duration or degree of restriction that is examined in making the determination as to whether the confinement falls within the "atypical and significant hardship" realm.  Sandin, 515 U.S. at 486.  While Plaintiff complains of the lack of television, radio and at times personal property, this does not rise to the level of deprivation which would suffice.  Although Plaintiff complains of the lack of medical care, declarations and supporting exhibits submitted by both Defendants and Plaintiff demonstrate that he has received medical treatment while in the LTSU, has not been denied food, and has even received periodic status reviews.  For all of these reasons, Plaintiff has not demonstrated the likelihood of success on the merits.

**B.     Irreparable harm**

Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered.  See Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 356 (3d Cir. 1980).  Irreparable injury is "potential harm which cannot be redressed by a legal or equitable remedy following a trial."  Instant Air Freight Co. v. C.F. Air Freight, Inc., 882

F.2d 797, 801 (3d Cir. 1989). Speculative injury does not constitute a showing of irreparable harm. Continental, 614 F.2d at 359; see also Public Serv. Co. v. West Newbury, 835 F.2d 380, 383 (1st. Cir. 1987). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Instant Air Freight, 882 F.2d at 801 (quoting Sampson v. Murray, 415 U.S. 61, 90 (1964)).

As noted above, Plaintiff is not without adequate remedy. He has the ability to seek damages for the alleged violation of his rights by pursuing a civil rights action. As such, he cannot establish irreparable harm as compensatory or other corrective relief is available to him.

### C.   Balance of harms and public interest

Because Plaintiff is unable to establish either likelihood of success on the merits, or irreparable harm, it is unnecessary to discuss the remaining factors. See In Re Arthur Treacher's, 689 F.2dd at 1143.

## V.   Order

**ACCORDINGLY, THIS 29th DAY OF SEPTEMBER, 2006,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for preliminary injunction (Doc. 31) is **denied**.

> s/ Yvette Kane
> YVETTE KANE, Chief Judge
> United States District Court
> Middle District of Pennsylvania