IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES ISELEY, | : | CIVIL NO. 1:CV-05-0444 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JOHN TALABER, et al., | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

### I. Background

Plaintiff Charles Iseley filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 2, 2005, while an inmate at the State Correctional Institution at Houtzdale. He is currently confined in at the State Correctional Institution at Fayette, Pennsylvania. In the complaint Plaintiff alleges that Defendants denied him access to publications sent to him and ordered their destruction in retaliation for filing a state court mandamus action. Defendants are John Talaber, an assistant counsel for the Pennsylvania Department of Corrections ("DOC"), who represented the DOC in the state action brought by Plaintiff, and Jeffrey A Beard, the DOC's secretary who was the sole defendant named in the state action.[1]

Presently pending is Plaintiff's motion for the appointment of counsel in this case. (Doc. 66.) A brief in support of the motion has also been submitted. (Doc. 67.) In his one (1) page brief, Plaintiff states that the appointment of counsel is warranted for the following reasons. He argues that as an inmate, he is unable to adequately investigate the facts in this case which are "hotly contested." (Doc. 67.) He further contends that because this case is going to trial and he is on drugs

---

[1] The state action referred to is Iseley v. Beard, No. 254 M.D. 2003 (Pa. Commw. Ct.).

to treat his mental illness, counsel is warranted. He also states that he is unable to obtain a videotape and other documents necessary to prosecute the case.

**II.     Discussion**

It is a well-established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915. Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Plaintiff alleges that Defendants engaged in retaliation against him. The record gives every indication that Plaintiff has the capability to continue litigating this action without the assistance of counsel. He has filed numerous motions on his own, including motions for reconsideration of Orders issued by this Court, and has timely opposed motions filed by Defendants. While he argues that counsel is needed to assist him in the trial in this case, any such concern is premature in that the parties have been afforded the opportunity to file further dispositive motions which have yet to be ruled upon. In addition, a weighing of the other

2

pertinent factors militate against appointment of counsel at this time.  Those factors are:

> 1. The plaintiff's ability to present his or her own case;
>
> 2. The difficulty of the particular legal issues;
>
> 3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;
>
> 4. The plaintiff's capacity to retain counsel on his or her own behalf;
>
> 5. The extent to which a case is likely to turn on credibility determinations; and,
>
> 6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

The issues involved in this action are straightforward, involving the application of established legal principles to the factual situation at hand.  While Plaintiff states that he is taking medication for his mental illness, it does not appear to affect his ability to litigate this case on his own.  He has thus far demonstrated the ability to prepare and file motions in this case which are understandable, as well as oppose motions filed by Defendants. While he stresses the importance of obtaining a videotape as evidence to support this case, there is no evidence he ever attempted to obtain a copy of the videotape during discovery.  As such, the pending motion for appointment of counsel will be denied at this time, but without prejudice.  Should future proceedings demonstrate the need for counsel, the matter can be reconsidered, either sua sponte or upon a motion properly filed.

**III.    Order**

**ACCORDINGLY, THIS 15th  DAY OF FEBRUARY, 2007,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for the

appointment of counsel (Doc. 66) is **denied** without prejudice.

> S/ Yvette Kane
> YVETTE KANE, Chief Judge
> Middle District of Pennsylvania