IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


CHARLES ISELEY,               :      CIVIL NO. 1:CV-05-0444
               Plaintiff,      :
                            :       (Chief Judge Kane)
          v.              :
                            :
JOHN TALABER , et al.,      :
              Defendants      :


**M E M O R A N D U M**

I.    **Introduction**

Plaintiff Charles Iseley filed this civil rights action on March 2, 2005, pursuant to 42 U.S.C. § 1983.  He is currently incarcerated at the State Correctional Institution at Fayette (SCI-Fayette), Pennsylvania.  Named as Defendants are Jeffrey Beard, Secretary of the Department of Corrections ("DOC") and John Talaber, assistant counsel for the DOC.  Plaintiff alleges that Defendants denied him access to publications and subsequently ordered their destruction in retaliation for his filing of a state court mandamus action against Beard.  Talaber served as Beard's counsel in the state court action.  Plaintiff asserts that he was "singled out" and, as a result of Defendants' actions, he was unable to use the destroyed publications as exhibits in his underlying state court action.  He seeks a declaratory judgment and damages for the alleged violation of both the First Amendment and the Equal Protection Clause.  Presently pending are two motions for reconsideration filed by Plaintiff. The first motion is with regard to the Memorandum and Order issued by the Court on September 20, 2006. (Doc. 60.)  The second motion is with regard to the Memorandum and Order issued on September 29, 2006.  (Doc. 64.)  For the reasons that follow, the motions will be denied.


II.    **Background**

In March of 2003, while confined at the State Correctional Institution at Pittsburgh, Pennsylvania, Plaintiff was transferred to the Long Term Segregation Unit (LTSU) within the prison. The LTSU is the most restrictive maximum security housing within the DOC and is designed for high-risk inmates. The LTSU affords extremely limited programming and privileges and has four (4) levels, with Level 4 being the most restrictive. At the time relevant to the incidents alleged in the complaint, Plaintiff was housed in Level 3. During his stay in the LTSU, certain publications were confiscated from Plaintiff. He thereafter filed a petition for writ of mandamus in the Commonwealth Court of Pennsylvania challenging the denial of the publications. Beard was named as a defendant in said action, and Talaber served as counsel for Beard. Plaintiff claims he intended to use the confiscated publications as exhibits in the state court action but in retaliation for his filing of the state court action, Beard and Talaber ordered that the confiscated material and any incoming publications be destroyed. Due to the destruction, Plaintiff claims in the instant action that he was unable to use the publications as exhibits in his state action. There is no dispute that the mandamus petition was dismissed by the Commonwealth Court due to Plaintiff's failure to exhaust available state remedies. In addition, the Commonwealth Court found that a valid, rational connection existed between the prison regulation and the legitimate and neutral governmental interest of rehabilitation and prison security put forward by Beard to justify the publication ban. As a result, the Commonwealth Court granted a cross motion for summary relief filed by Beard.

Plaintiff claims that Defendants violated the First Amendment and the Equal Protection Clause by singling him out and confiscating/destroying his publications in retaliation for filing the state mandamus action. On September 20, 2006, this Court issued a Memorandum and Order granting Defendants' motion to strike a paragraph contained in a declaration submitted by Plaintiff

2

in support of his motion for summary judgment. (Doc. 60.)  In the same opinion, Plaintiff's summary

judgment motion was also denied.  Presently pending is Plaintiff's motion for reconsideration

challenging the Court's September 20, 2006 rulings. (Doc. 62.)  Also pending is a second motion for

reconsideration filed by Plaintiff on October 12, 2006, challenging a Memorandum and Order issued

by the Court on September 29, 2006, that denied Plaintiff's motion for preliminary injunctive relief.

(Doc. 64.)

## III.    Discussion

### A.    Legal Standard

The standard for granting a motion for reconsideration is a stringent one.  "Because federal

courts have a strong interest in the finality of judgments, motions for reconsideration should be

granted sparingly."  Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943

(E.D. Pa. 1995); see also Armstrong v. Reisman, No. 99-CV-4188,2000 WL 288243, at *2 (E.D. Pa.

Mar. 7, 2000).  "The purpose of a motion for reconsideration is to correct manifest errors of law or

fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.

1985), cert. denied, 476 U.S. 1171 (1986); accord Dodge v. Susquehanna Univ., 796 F. Supp. 829,

830 (M.D. Pa. 1992).  Further, this court has cautioned litigants that a mere disagreement with the

court does not translate into a clear error of law.  Dodge, 796 F.Supp. at 830.  Rather, a party seeking

reconsideration must demonstrate at least one of the following grounds prior to the court altering, or

amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability

of new evidence that was not available when the court entered judgment; or (3) the need to correct a

clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quineros, 176 F.3d

669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218

(3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has

"misunderstood a party, or has made a decision outside the adversarial issues presented to the Court

by the parties, or has made an error not of reasoning, but of apprehension."  See Rohrbach v. AT &

T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on

reconsideration, 915 F.Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan

Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).  It may not be used as a means to reargue

unsuccessful theories, or argue new facts or issues that were not presented to the court in the context

of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001).

    **B.**    **Motion for Reconsideration filed October 2, 2006**

In the Court's Memorandum and Order of September 20, 2006, Defendants' motion to strike

a portion of Plaintiff's declaration in support of his motion for summary judgment was granted, and

Plaintiff's motion for summary judgment was denied.  (Doc. 60.)  Paragraph 2 of Plaintiff's

declaration read as follows:

> In mid-2003 the prison guards at Pittsburgh state prison (PSP)
> informed me that Jeffrey Beard and his attorney, John Talaber, the
> defendants in the above-captioned matter, ordered them to destroy all
> my incoming publications that they had and to not allow me to send
> any of them to any court or anywhere else and the prison guards
> complied, alleging that I had no money (even though I did) to mail
> them anywhere and I was not allowed to send any of them to any court
> even though I told them they were legal exhibits for my state case and
> others; they destroyed my property.

(Doc. 20, Iseley Declar.)  The Court granted Defendants' motion to strike this paragraph on the basis

of hearsay and Plaintiff's failure to establish that the alleged statements were made by a party-

opponent's agent pursuant to Federal Rule of Evidence 801(d)(2)(D).  Plaintiff's submission was an

improper affidavit for purposes of Fed. R. Civ. P. 56(e) as it was not made on personal knowledge

4

setting forth facts that would be admissible in evidence.

In his motion for reconsideration of this decision, Plaintiff raises two arguments challenging the ruling on the motion to strike.  He first claims that the Court erred in that no motion to strike was pending before the Court when the September 20, 2006 Memorandum and Order was issued.  He argues that the Court had previously denied Defendants' motion on August 8, 2006.  Without unnecessary elaboration, the Court finds this argument to be without merit.  On August 8, 2006, the Court merely ruled that Plaintiff's reply brief regarding his motion for summary judgment and supporting declaration would be accepted as timely filed.[1]  He next argues that the stricken paragraph does not contain hearsay and attempts to reargue his position.  The purpose of a motion for reconsideration is not to reassert a position that has been previously considered and rejected by the court.

Plaintiff also challenges the denial of his motion for summary judgment because Defendants did not challenge his motion, and also because the Court erroneously placed the burden on him and failed to point to any specific facts in issue in denying his motion.  Plaintiff's arguments are without merit.  First, Defendants clearly did challenge Plaintiff's summary judgment motion.  They filed a timely opposition brief (Doc. 28).  While Defendants were afforded the opportunity to file a response to Plaintiff's reply brief (Doc. 56), they were not required to do so.[2]  To the extent he

---

[1]  At the time, the parties were disputing whether Plaintiff's reply brief and supporting declaration were timely filed.

[2]  Defendants challenged the reply brief submitted by Plaintiff as both untimely and because Plaintiff submitted supporting exhibits at the stage of the reply brief which should have been filed as support at the time of his brief in support of the motion.  They moved to strike the reply brief on the basis that they were now prejudiced in that they had already submitted their opposition to the summary judgment motion, without the opportunity to respond to the newly offered evidence in support of the summary judgment motion attached to the reply brief.  In light of this argument,

5

challenges the standard applied by the Court in ruling on his summary judgment motion,

reconsideration is not warranted in this case.  The Court fully set forth the proper standard to be

applied when ruling on a summary judgment motion, and specifically stated that the moving party

bears the initial responsibility of stating the basis for the motion and identifying those portions of the

record which demonstrate the absence of a genuine issue of a material fact.  <u>See</u> <u>Celotex Corp. v.

Catrett</u>, 477 U.S. 317, 323 (1986).  Plaintiff was required to show the absence of evidence to support

the nonmoving party's case.  The non-moving party (the Defendants in this case) must point to some

evidence in the record that creates a genuine issue of material fact.  The Court's Memorandum and

Order of September 20, 2006 clearly states that Plaintiff failed to point to any portion of the record

demonstrating an absence of a genuine issue of fact, in addition to Defendants coming forth with

evidentiary materials creating an issue of fact - - which included a copy of the opinion of the

Commonwealth Court of Pennsylvania as well as the declaration of Kristen Reisinger.  For all of

these reasons, Plaintiff's motion for reconsideration (Doc. 62) will be denied.

### C.    Motion for Reconsideration filed October 12, 2006

Plaintiff also seeks reconsideration of the Memorandum and Order issued by the Court on

September 29, 2006, wherein Plaintiff's motion for a preliminary injunction was denied.

Specifically, the Court denied Plaintiff's request for an order directing Defendant Beard to transfer

him from the LTSU at SCI-Fayette back to "the hole" at SCI-Houtzdale.  He also requested the

return of two (2) boxes of personal property, as well as his special privileges including television,

radio and regular commissary.  In applying the standard used for determining whether to grant the

---

Defendants were afforded the opportunity to file a response to Plaintiff's reply brief.  (Doc. 56.)
They chose not to do so.

requested injunctive relief, the Court found that Plaintiff was unable to show he was likely to prevail on the merits of his claims and would suffer irreparable harm if the relief requested was not granted. A full discussion of the Court's reasoning is set forth in the September 2, 2006 Memorandum.[3] (Doc. 61.)

In seeking reconsideration of the Court's decision, Plaintiff fails to argue an error of law or fact or present newly discovered evidence. Rather, he merely disagrees with the Court's decision and attempts to reargue his position. This is not a proper basis for a motion for reconsideration. Accordingly, Plaintiff's motion (Doc. 64) will be denied.

IV.    Order

**AND NOW, THEREFORE, THIS 16th   DAY OF JULY, 2007,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.    Plaintiff's Motion for Reconsideration filed October 2, 2006 (Doc. 62) is **denied**.

2.    Plaintiff's Motion for Reconsideration filed October 12, 2006 (Doc. 64) is **denied**.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania

---

[3] Because Plaintiff was unable to establish either the likelihood of success on the merits or irreparable harm, it was unnecessary to discuss the remaining factors used in determining whether injunctive relief is warranted. See In Re Arthur Treacher's Franchise Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982).