**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES ISELEY,** | : | **CIVIL NO. 1:CV-05-0444** |
| **Plaintiff** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **JOHN TALABER , et al.,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

I.     **Introduction**

        Plaintiff Charles Iseley, an inmate currently housed at the State Correctional Institution in

Fayette, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 2,

2005.  Named as Defendants are Jeffrey Beard, Secretary of the Department of Corrections

("DOC"), and John Talaber, assistant counsel for the DOC.  In the complaint Plaintiff alleges

that Defendants denied him access to publications and ordered their destruction in retaliation for

his filing of a state-court mandamus action against Beard.  Talaber served as Beard's counsel in

the state action.  It is Plaintiff's assertion that he was "singled out" and, as a result of Defendants'

actions, was unable to use the destroyed publications as exhibits in his underlying state-court

action.  Plaintiff seeks a declaratory judgment and damages for the violation of the both the First

Amendment and the Equal Protection clause.  The Court will address several of the motions

presently pending in this action.

II.     **Background**

        In reviewing the record, it is undisputed that in March 2003, while confined at the State

Correctional Institution in Pittsburgh, Pennsylvania, Plaintiff was transferred to the Long Term

Segregation Unit (LTSU) within the prison.  The LTSU is the most restrictive maximum security

housing within the DOC designed for high-risk inmates, and is coupled with extremely limited

programming and privileges.  The LTSU Program has four (4) levels, with Level 4 being the

highest and most restrictive level.  Plaintiff was in Level 3 at the time relevant to the incidents

alleged in the complaint.  During his stay in the LTSU, certain publications were confiscated.  In

response, Plaintiff filed a petition for writ of mandamus in the Commonwealth Court of

Pennsylvania challenging the denial of the publications and naming Defendant Beard as the

respondent.  (Doc. No. 28, Docket Sheet in Iseley v. Beard, No. 254 M.D. 2003 (Pa. Commw.

Ct.)).  Beard was represented by Talaber in this action.  Plaintiff contends that he was going to

use the confiscated publications which were not destroyed as exhibits in his state-court action.

However, Plaintiff contends that in June 2003, in retaliation for his filing of the state-court

action, Beard and Talaber "singled him out" and ordered that the confiscated materials, as well as

any incoming publications, be destroyed.  Because of the alleged destruction, Plaintiff claims he

was unable to use the publications as exhibits in his state action.  It is undisputed that the

mandamus petition was dismissed due to Plaintiff's failure to exhaust available state remedies.

In addition, the Commonwealth Court found that a valid, rational connection existed between the

prison regulation and the legitimate and neutral governmental interest of rehabilitation and prison

security put forward by Beard to justify the publication ban. (Id.)  As a result, Beard's cross

motion for summary relief was granted.  In the instant action, Plaintiff claims that Defendants

violated the First Amendment and the Equal Protection Clause by singling him out and

confiscating and destroying his publications in retaliation for his filing of the state action.

This Memorandum will address Plaintiff's two pending motions to compel discovery

(Doc. Nos. 73, 75), as well as Plaintiff's second motion for summary judgment (Doc. No. 77),

motion for jury trial (Doc. No. 89), and motion to respond to a letter sent by defense counsel to

the undersigned (Doc. No. 98).[1]

III.   **Discussion**

    A.    **Motions to Compel (Doc. Nos. 73, 75)**

      Pending are two (2) motions to compel discovery filed by Plaintiff.  The first motion,

which was filed on November 20, 2006, simply asserts that Defendants have failed to respond in

any way to interrogatories and requests for the production of documents served on October 4,

2006 and October 28, 2006.  It does not appear that the motion was ever served on Defendants or

that a supporting brief was ever submitted.  In any event, the motion will be denied as moot in

light of the filing by Plaintiff of his second motion to compel (Doc. No. 75) wherein it appears

clear that Defendants have provided responses to his outstanding discovery requests, either by

answering the interrogations and requests or setting forth objections thereto.  The Court will now

address Plaintiff's second motion to compel, in which he challenges the adequacy of Defendants'

responses to his discovery requests.  In the motion, Plaintiff seeks access to confiscated receipts

since March 2003, all documents relating to his placement/retention in the LTSU since March

2003, and two (2) videotapes of the confiscation/destruction of his property.  (Doc. No. 76, at 1-

2.)

      Generally, courts afford considerable latitude in discovery in order to ensure that

litigation proceeds with "the fullest possible knowledge of the issues and facts before trial."

Hickman v. Taylor, 329 U.S. 495, 501 (1947).  The polestar of discovery is relevance to a claim

---

     [1] Also pending is Defendants' motion for judgment on the pleadings (Doc. No. 85) filed
on February 1, 2007.  This motion will be deemed withdrawn for failure of Defendants' to file a
supporting brief.  See Local Rule 7.5.

or defense.  Federal Rule of Civil Procedure 26(b)(1) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted.  The presumption that such matter is discoverable, however, is defeasible." Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000).  Disclosure of information relevant to the subject matter of the litigation, as opposed to a particular claim or defense, however, may only be compelled for good cause.  Fed. R. Civ. P. 26(b)(1).  Furthermore, Rule 26(b)(2)(C) authorizes a court to prohibit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

Fed. R. Civ. P. 37 allows a party who has received evasive or incomplete discovery responses to seek a Court order compelling disclosure or discovery of the materials sought.  See Fed. R. Civ. P. 37(a).  The party moving to compel must demonstrate the relevance of the information sought to a particular claim or defense.  The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper.  See Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

According to Defendants, Plaintiff has served three (3) sets of discovery requests, and

responses have been submitted to each request.[2]  Plaintiff seeks to compel Defendants to produce

two (2) videotapes which allegedly show the confiscation/destruction of his property.  This claim

can be disposed of without unnecessary elaboration as none of the discovery requests served by

Plaintiff requested the production of videotapes.  Plaintiff also seeks to compel any documents

regarding his placement and retention in the LTSU.  Defendants objected to this request on the

basis of relevancy, of being overly broad and burdensome, and also on the basis of privilege.

The Court agrees that the documents sought by Plaintiff are irrelevant to the claims in this action.

In the complaint, Plaintiff alleges that Defendants denied him access to publications sent to him

between March 2003 and January 2004, and ordered their destruction in retaliation for filing a

state-court mandamus action.  As such, aside from any concerns regarding burden or privilege

related to the production of such documents, the Court finds that the documents sought are not

relevant or likely to lead to the discovery of admissible evidence when Plaintiff's LTSU

placement is not an issue in this action.

Plaintiff also seeks to compel confiscated receipts from March 2003 to date, and argues

that Defendants have failed to produce these documents.  In Plaintiff's First Request for

Production of Documents, Request #2, Plaintiff seeks all documents concerning the

confiscation/destruction of his property at SCI-Pittsburgh from January 2003 to January 2004.

While raising an objection to the Request as overbroad and burdensome, Defendants agree to

produce for Plaintiff's inspection all documents relating to the confiscation/destruction of his

incoming publications while he was confined in the LTSU at SCI-Pittsburgh.  Defendants further

---

[2]  Defendants state that because Plaintiff fails to attach the challenged discovery requests and responses thereto to his motion as required by Local Rule 5.4(c), they have attached these documents to their opposition brief.   (Doc. No. 82.)

state that the requested documents will be produced for inspection upon Plaintiff submitting an Inmate Request to Staff Member form to the superintendent's assistant, and that Plaintiff can make copies of the documents at his own expense.   As such, it is clear Defendants have agreed to produce to Plaintiff the confiscated receipts sought in his motion to compel.  Further, there is no indication that Plaintiff has ever submitted the Inmate Request form or submitted the form and been denied access to the documents.  Accordingly, the motion to compel (Doc. No. 75) will be denied.

### B.    Plaintiff's Motion for Summary Judgment (Doc. No. 77)

This is the second motion for summary judgment Plaintiff has filed in this action.  Once again, Plaintiff contends that the record before the Court demonstrates that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law.  The well known summary judgment standard was fully set forth in this Court's Memorandum and Order of September 20, 2006, and will not be repeated herein.  (Doc. No. 60.)  Without unnecessary elaboration and for the reasons set forth in the September 20, 2006 Memorandum and Order, the instant motion will be denied.  In moving for summary judgment the first time, Plaintiff came forward with various submissions, including copies of Inmate Requests to Staff Members regarding the confiscation of his publications, an Order from the Supreme Court of Pennsylvania denying his appeal in the state mandamus case, copies of grievances and responses thereto, and other documents in an attempt to support his summary judgment motion.  (Doc. No. 60, at 4.)  In denying the motion, the Court found that Defendants' submissions clearly created issues of material fact including whether Plaintiff has exhausted his claims and whether he is precluded from relitigating the confiscation issue in this Court.  (Id. at 5-6.)  The Court found that Plaintiff

6

had not proven each and every element of his case and failed to point to parts of the record supporting the basis for his motion.

In Plaintiff's second motion for summary judgment presently pending, he merely submits a brief in support of his motion and reargues his earlier position.  (Doc. No. 78.)  He submits no evidentiary materials in support of his "undisputed material facts" set forth in his brief. Defendants once again reassert their opposition to Plaintiff's motion for summary judgment on the basis of failure to exhaust and claim preclusion.  Because Plaintiff, as the moving party, has failed to carry his burden, the motion will be denied.[3]

### C.    Plaintiff's Motion for Jury Trial (Doc. No. 89)

Plaintiff filed the complaint in this action on March 2, 2005.  He did not include a demand for a trial by jury.  On April 19, 2005, Defendants waived service of the complaint and filed an answer on May 24, 2005.  Since that time, numerous motions and documents have been filed by Plaintiff.  Plaintiff never requested a jury trial in any of his filings until May 14, 2007, when he submitted a "Motion for Jury Trial."  (Doc. No. 89.)  In his supporting one (1) page brief, he merely argues that he "recently became aware" that he did not include a jury demand, and relies on his pro se status in seeking the grant of his motion.  (Doc. No. 90.)  Defendants oppose the motion because Plaintiff has failed to meet his burden under Federal Rule of Civil Procedure 39.

Rule 38(b) of the Federal Rules of Civil Procedure provides that "[a]ny party may

---

[3]  Defendants submitted a motion for judgment on the pleadings on February 1, 2007 (Doc. No. 85) which was deemed withdrawn earlier in this Memorandum for failure to file a supporting brief.  On May 16, 2007, Defendants filed a second motion for judgment on the pleadings (Doc. No. 92) which is presently pending and will be addressed, along with several related motions, in a separate Memorandum and Order.

demand a trial by jury of any issue triable of right by a jury" by filing and serving such a demand "not later than 10 days after the service of the last pleading direct to such issue . . ."  Failure to make such a demand constitutes a waiver of the right to a jury trial.  Fed. R. Civ. P. 38(d).  If a demand is untimely made, however, Rule 39(b) provides that "the court in its discretion upon motion may order a trial by jury of any or all issues."

The Third Circuit Court of Appeals directs a lower court considering whether to use the discretion to grant an untimely motion for a jury trial under Rule 39(b) to weigh the following factors: "(1) whether the issues are suitable for a jury; (2) whether granting the motion would disrupt the schedule of the court or the adverse party; (3) whether any prejudice would result to the adverse party; (4) how long the party delayed in bringing the motion; and (5) the reasons for the failure to file a timely demand."  Sec. Exch. Comm'n v. Infinity Group Co., 212 F.3d 180, 195-96 (3d Cir. 2000).  Defendants oppose Plaintiff's motion for the following reasons.  They first argue that Plaintiff waited more than two (2) years since the filing of his last pleading to request a jury trial without providing any justification for doing so – clearly an inexcusable delay. They contend that Plaintiff's mere inadvertence to make a timely demand is no excuse.  See Bush v. Allstate Ins. Co., 425 F.2d 393, 396 (5th Cir. 1970), cert. denied, 400 U.S. 833 (1970).  While the only excuse offered by Plaintiff for his failure to make a timely demand appears to be his pro se status, Defendants cite to the fact that Plaintiff is no stranger to this Court.  Plaintiff is an "accomplished litigator" and has filed at least twelve (12) actions in this Court alone.[4]  (Doc. No. 91, at 4.)  In some of these actions, Plaintiff did make a timely jury demand and, as such, he

---

[4]  The dockets in the Eastern and Western Districts of Pennsylvania reveal that Plaintiff has filed a combined total of eighteen (18) actions in said districts.

clearly cannot rely on his <u>pro se</u> status as an excuse for not knowing proper procedure.[5]  Further,

in many of the other actions, he also saw where Defendants requested a jury trial early in the

case.  With regard to the impact that granting Plaintiff's request would have on this Court's

docket, Defendants merely state that it is unnecessary to even speculate as to this factor.  They

contend that based upon the motion for judgment on the pleadings they have filed and the

arguments presented therein, it is unlikely a trial will even be necessary in this case.

In considering the factors relevant to deciding whether to grant Plaintiff's motion for jury

trial, the Court agrees with Defendants that the length of the delay in this case, coupled with

Plaintiff's failure to offer any viable excuse for the delay, his "experience" in litigating actions in

this Court and the possibility that a trial may not be necessary in light of the outstanding motion

for judgment on the pleadings (Doc. No. 92), warrant the denial of the motion.  This decision is

consistent with the spirit of the Federal Rules of Civil Procedure in that a relief from waiver of

jury trial under the particular circumstances of this case would defeat the purpose of Rule 38, and

may encourage other litigants to disregard the procedural requirements which seek to promote the

orderly and timely progress of an action.

**D.**     **Plaintiff's Motion to File Brief  (Doc. No. 98)**

Also pending is Plaintiff's request for the Court's permission to file a brief in opposition

to what he describes as a "personal letter" written by Defendants to the Court.  Plaintiff is

specifically referring to a letter submitted to the Court in this action by Defendants on May 30,

2007.  In the letter, former counsel for Defendants enclosed a copy of a Third Circuit Court of

---

[5]  <u>See</u> <u>Iseley v. Dragovich</u>, Civ. No. 00-0426 (filed March 7, 2000); <u>Iseley v. Bushey</u>, Civ.
No. 00-0577 (filed March, 29, 2000); and <u>Iseley v. Beard</u>, Civ. No. 02-2006 (filed November 5,
2002).

Appeal's decision filed May 23, 2007, in another action filed by Plaintiff in this Court and appealed to the Third Circuit.  See Iseley v. Talaber, No. 06-2540 (3d Cir. 2007).  In the letter, counsel for Defendants merely advise this Court of the opinion in that it deals with the issue of collateral estoppel and finds that Plaintiff is estopped from relitigating matters previously litigated in other courts of competent jurisdiction.  While said case deals with a different set of facts, the same issue of law exists in the instant action.  As such, the Third Circuit's ruling has relevance to the matters presently pending before the Court.  Further, Plaintiff is copied on the letter and provided with a copy of the Third Circuit's opinion.  Based on such, and the fact that Plaintiff is provided with a full opportunity to address this issue in his opposition to Defendants' pending motion for judgment on the pleadings, his motion to file a brief will be denied.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES ISELEY,** | : | **CIVIL NO. 1:CV-05-0444** |
| **Plaintiff** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **JOHN TALABER , et al.,** | : | |
| **Defendant** | : | |

## ORDER

_____**AND NOW**, this 28th day of September, 2007, in accordance with the foregoing

Memorandum, **IT IS HEREBY ORDERED THAT**:

    1.    Plaintiff's Motion to Compel (Doc. No. 73) is **DENIED** as moot.

    2.    Plaintiff's Motion to Compel (Doc. No. 75) is **DENIED**.

    3.    Defendants' Motion for Judgment on the Pleadings (Doc. No. 85) is **DEEMED WITHDRAWN**.

    4.    Plaintiff's Motion for Summary Judgment (Doc. No. 77) is **DENIED**.

    5.    Plaintiff's Motion for Jury Trial (Doc. No. 89) is **DENIED**.

    6.    Plaintiff's Motion to File Brief (Doc. No. 98) is **DENIED**.


                               __s/ Yvette Kane_____
                               Yvette Kane, Chief Judge
                               United States District Court
                               Middle District of Pennsylvania