IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES ISELEY, | : | CIVIL NO. 1:CV-05-0444 |
|     Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JOHN TALABER, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

### I. Introduction

Plaintiff Charles Iseley is an inmate currently housed at the State Correctional Institution at Fayette, Pennsylvania. He filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 2, 2005. Named as Defendants are Jeffrey Beard, Secretary of the Department of Corrections ("DOC") and John Talaber, assistant counsel for the DOC. In the complaint Plaintiff alleges that Defendants denied him access to certain publications and ordered their destruction in retaliation for his filing of a state court mandamus action against Beard. Talaber served as Beard's counsel in the state action. Plaintiff claims that he was "singled out" and, as a result of Defendants' actions, was unable to use the destroyed publications as exhibits in his underlying state court action. Plaintiff seeks a declaratory judgment and damages for the violation of the both the First Amendment and the Equal Protection clause. There are several motions pending in this matter that the Court will now address.

### II. Background

It is undisputed that in March 2003, while confined at the State Correctional Institution at Pittsburgh, Pennsylvania, Plaintiff was transferred to the Long Term Segregation Unit (LTSU) within the prison. The LTSU is the most restrictive maximum security housing within the DOC, designed for high-risk inmates, with extremely limited programming and privileges. The LTSU

Program has four (4) levels, with Level 4 being the most restrictive level.  At the time relevant to the incidents alleged in the complaint Plaintiff was in Level 3.  During his stay in the LTSU, certain publications were confiscated from Plaintiff.  Plaintiff filed a petition for writ of mandamus in the Commonwealth Court of Pennsylvania challenging the confiscation of the publications, and naming Defendant Beard as the respondent (Doc. No. 28, Docket Sheet in Iseley v. Beard, No. 254 M.D. 2003 (Pa. Commw.)).  Defendant Talaber represented Beard in the action.

Plaintiff contends that he was going to use the confiscated publications that were not destroyed as exhibits in his state court action.  However, Plaintiff contends that in June 2003, in retaliation for his filing the state court action, Beard and Talaber "singled him out" and ordered that the confiscated, and all incoming publications, be destroyed.

Plaintiff's mandamus petition was dismissed due to Plaintiff's failure to exhaust available state remedies.  In addition, the Commonwealth Court found that a valid, rational connection existed between the prison regulation and the legitimate and neutral governmental interests of rehabilitation and prison security advanced by Beard to justify the publication ban.  (Id., Commw. Ct. Op. Jan. 23, 2004.)  As a result, Beard's cross-motion for summary relief was granted.

In the instant action, Plaintiff claims that Defendants violated the First Amendment and the Equal Protection Clause of the Fourteenth Amendment by singling him out and confiscating and destroying his publications in retaliation for his filing of the state action.  On September 20, 2006, the Court issued a scheduling order in this case directing that discovery be completed by the parties within sixty (60) days and dispositive motions, if any, be filed within thirty (30) days

from the close of discovery. (Doc. No. 60.) On November 15, 2006, former counsel for Defendants filed a motion seeking to enlarge the discovery and dispositive-motion deadlines. (Docs. 70, 71.) The Court granted the motions, and directed that discovery be completed by December 18, 2006, and dispositive motions filed by January 19, 2007. (Doc. No. 72.) Thereafter, Plaintiff filed two motions to compel discovery and a motion for summary judgment. On January 19, 2007, counsel for Defendants filed a timely motion to extend the time within which to submit a motion for summary judgment. (Doc. No. 79.) The Court granted the motion and extended the deadline to January 26, 2007. (Doc. No. 80.)

While Defendants failed to file a motion for summary judgment by January 26, 2007, they filed a motion for judgment on the pleadings with the Court on February 1, 2007. Defendants did not submit a supporting brief. On May 16, 2007, Defendants filed a second motion for judgment on the pleadings (Doc. No. 92). Unlike before, Defendants filed a supporting brief the following day. (Doc. No. 93). On September 28, 2007, the first motion for judgment on the pleadings was deemed withdrawn by the Court pursuant to Local Rule 7.5 due to Defendants' failure to file a supporting brief. (Doc. No. 107.)

The second motion for judgment on the pleadings is presently pending before the Court. On June 6, 2007, Plaintiff filed a motion for extension of time to file a brief in opposition to Defendants' second motion for judgment on the pleadings. (Doc. No. 95). On the same date, he filed a motion to strike the second motion for judgment on the pleadings.[1] (Doc. No. 96.) On June 22, 2007, Defendants filed a motion for enlargement of time <u>nunc pro tunc</u> within which to

---

[1] Defendants have filed opposition to this motion and Plaintiff has filed a reply brief. (Doc. Nos. 103, 104.)

file the second motion for judgment on the pleadings. (Doc. No. 101.) With the exception of the second motion for judgment on the pleadings, the remaining motions are ripe for consideration. For the reasons that follow, Defendants' motion to file their second motion for judgment on the pleadings nunc pro tunc will be granted, and Plaintiff's motion to strike Defendants' motion will be denied. Plaintiff's motion for enlargement of time to oppose the motion for judgment on the pleadings will be granted.[2]

### III.   Discussion

Plaintiff moves to strike Defendants' second motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(f) because it is redundant, impertinent, and untimely. He also argues that if permitted, the motion must be treated as one for summary judgment because it refers to matters outside of the pleadings.

The motion to strike will be denied for the following reasons. First, pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "after the pleadings are closed but within such time as to not delay the trial." Fed. R. Civ. P. 12(c). In the instant case, the pleadings are closed. Discovery has taken place, and motions to compel addressed by the Court. Defendants have filed a motion for judgment on the pleadings raising arguments of failure to exhaust and collateral estoppel. Thus under Rule 12(c), in light of the procedural posture of this case, and the fact that no trial is scheduled, the motion for judgment on

---

[2] Also pending is Plaintiff's motion for a case status report. (Doc. No. 109.) The purpose of the motion is to make an inquiry into the status of the motions pending in this matter. The instant Memorandum resolves all pending motions, with the exception of Defendants' second motion for judgment on the pleadings. A deadline is imposed by the Court for Plaintiff's filing of his brief in opposition to the motion. Accordingly, Plaintiff's motion for a case status report will be denied as moot.

the pleadings is timely.

Plaintiff contends that, in light of the Court's order issued on January 22, 2007, granting Defendants' request for an enlargement of time until January 26, 2007, to file a motion for summary judgment in this case, the filing of the motion for judgment on the pleadings in May of 2007 is untimely and should be stricken. Defendants argue, however, that any untimeliness was due to excusable neglect, and have filed a motion requesting that the Court accept the motion nunc pro tunc.

Pursuant to Federal Rule of Civil Procedure 6(b), the Court has discretion to grant an extension of time after the expiration of a filing deadline for "excusable neglect." In re Orthopedic Bone Screw Prods. Liab. Litig., 246 F.3d 315, 322 (3d Cir. 2001). The Supreme Court has held that the following four factors are relevant in determining whether a party's neglect is excusable: (1) the danger of prejudice; (2) the length and effect of the delay; (3) the reason for the delay; and (4) whether the movant acted in good faith. Pioneer Inv. Serv., Co. v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380, 395 (1993).[3] In Pioneer, the Supreme Court declined to limit "excusable neglect" to those circumstances caused by intervening circumstances beyond a party's control. Instead, Pioneer concluded that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness. Id. at 388. Whether error is "excusable" is a question of equity. Id. at 395.

---

[3] Although the Pioneer holding related to excusable neglect in a different context, the Court stated that the bankruptcy rule that it was interpreting was patterned after Federal Rule of Civil Procedure 6(b). 507 U.S. AT 391. Thus, the Court will apply the Pioneer factors in the instant case.

In considering these factors in determining whether a party who has missed a deadline is entitled to relief, the Third Circuit Court of Appeals has defined "excusable neglect" as a somewhat elastic concept, applying a "totality of the circumstances" approach, considering and balancing all factors.  See George Harms Constr. Co. v. Chao, 371 F.3d 156, 163 (3d Cir. 2004); Choi v. Kim, No. 06-1993, 2007 WL 4395655, at *2 (3d Cir. Dec. 14, 2007).

Applying these principles to the circumstances existing in the instant case, the Court will grant Defendants' motion for an enlargement of time to file a motion for judgment on the pleadings nunc pro tunc and deny Plaintiff's motion to strike for the following reasons.  First, there is no evidence of prejudice to Plaintiff if the Court denies his motion to strike and permits the late filing of Defendants' motion.  Plaintiff presently has pending a motion for enlargement of time to oppose Defendants' motion, which will be granted.  Thus, he will have the opportunity to oppose the motion on the merits.  Further, previous counsel in this case already gave Plaintiff notice of the defenses raised in the instant motion in November of 2005 when he opposed an early motion for summary judgment filed by Plaintiff.[4]  (Doc. No. 28.)  Second, in reviewing the docket sheet in this matter, it can hardly be argued that the filing of the second motion for judgment on the pleadings is so late as to interfere with a scheduled trial or impact adversely upon some other scheduled proceeding.

The Court must also address the reason for the delay, including whether it was within the

---

[4] In the opposing brief, Defendants based the collateral-estoppel defense on the fact that Plaintiff had previously litigated in state court a lawsuit concerning the same claims presented in the instant case.  In the state action, Iseley v. Beard, No. 254 M.D. 2003 (Pa. Commw.), the matter was litigated to conclusion with the Pennsylvania Supreme Court affirming the grant of summary relief in Defendant Beard's favor.  Plaintiff certainly cannot claim surprise that Defendants would seek judgment in this case based upon the collateral-estoppel defense.

reasonable control of the movant, and whether the movant acted in good faith.  See Pioneer, 507 U.S. at 395.  Former counsel was granted an enlargement of time to file a motion for summary judgment by January 26, 2007.  Although former counsel did file a motion several days after the imposed date, it was a motion for judgment on the pleadings.  As previously stated, this motion was recently deemed withdrawn by the Court due to the failure to file a supporting brief.  Prior to the issuance of said Court's order, former counsel filed the second motion for judgment on the pleadings with an accompanying supporting brief.  It is unknown to present counsel or Defendants why former counsel decided to file a motion for judgment on the pleadings rather than a motion for summary judgment, why no brief in support of the first motion was submitted, or why the second motion was never filed until May of 2007.   However, what is clear is that new counsel entered into the case on June 22, 2007[5], and on the same date filed a motion requesting the Court to accept the second motion for judgment on the pleadings nunc pro tunc and a brief in support thereof to correct former counsel's error.  Within days, he also filed a brief in response to Plaintiff's motion to strike.  Based on these facts, although the reason for the delay is unknown, the Court does not find that the movant failed to act in good faith.

     Viewing the totality of the circumstances in light of the equitable nature of the determination as outlined in Pioneer, the Court will find excusable neglect to exist in this case.  All factors, with the exception of reason for the delay, weigh in favor of the movant.  While reason for the delay is a critical factor, no reason can be provided because it is unknown to the movant.  Regardless, based upon the procedural posture of this case, the fact that no prejudice exists, and the possibility of a resolution on the pleadings that better serves the interests of

---

[5] Former counsel, Francis R. Filipi, retired.

judicial economy and preserves judicial resources, the motion for judgment on the pleadings will be accepted nunc pro tunc and the motion to strike will be denied.  Plaintiff's motion for enlargement of time to oppose the motion for judgment on the pleadings will be granted in that he will be afforded fifteen (15) days from the date of the order to file his opposing brief.[6]

## IV.    Order

For the foregoing reasons, Defendants' motion for an enlargement of time to file a motion for judgment on the pleadings nunc pro tunc will be granted, and Plaintiff's motion to strike the motion will be denied.  In addition, Plaintiff will be afforded 15 days to file a brief in opposition to Defendants' motion.  An appropriate order follows.

---

[6] Plaintiff has also raised the argument that the motion for judgment on the pleadings should be converted to a motion for summary judgment "because it refers to matters outside of the pleadings." (Doc. No. 96 at 2.)  Plaintiff refers to a declaration submitted by Kristen Reisinger, Assistant Chief Grievance Coordinator in the Pennsylvania Department of Corrections, and a copy of the Commonwealth Court decision issued in Plaintiff's Commonwealth Court of Pennsylvania case.  The arguments advanced in the motion for judgment on the pleadings are failure to exhaust and collateral estoppel, and each are set forth as an affirmative defense in the answer.

These documents are integral to the allegations in the complaint. In the complaint Plaintiff discusses the Commonwealth Court case and the issue of exhaustion of his claims. Further, he does not challenge the authenticity of the documents.  Accordingly, it is proper to consider Defendants' exhibits without converting the motion to one for summary judgment. See Pension Benefit Guar. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)("We now hold that a court may consider an undisputedly authentic document that defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.") The fact that pending is a motion for judgment on the pleadings as opposed to a motion to dismiss is of no consequence.  The standard of review for a motion for judgment on the pleadings is identical to that of the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Mele v. FRB, 359 F.3d 251, 253 (3d Cir. 2004).  The only notable difference between the two standards is that the court in a motion on the pleadings reviews not only the complaint, but also the answer and written instruments attached to the pleadings.  2 Moore's Federal Practice Civil § 12.38 (2004).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES ISELEY,** | : | CIVIL NO. 1:CV-05-0444 |
| **Plaintiff,** | : | |
| | : | (Chief Judge Kane) |
| **v.** | : | |
| | : | |
| **JOHN TALABER , et al.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW,** on this 13th day of February, 2008, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1. Defendants' Motion for Enlargement of Time Nunc Pro Tunc to file a motion for judgment on the pleadings (Doc. No. 101) is **GRANTED**. The motion for judgment on the pleadings filed on May 16, 2007 (Doc. No. 92) is accepted by the Court and deemed timely filed.

2. Plaintiff's Motion to Strike (Doc. No. 96) is **DENIED**.

3. Plaintiff's Motion for Enlargement of Time to oppose the motion for judgment on the pleadings (Doc. No. 95) is **GRANTED**. Within fifteen (15) days from the date of this order, Plaintiff shall file his opposition brief.

4. Plaintiff's Motion for Case Status Report (Doc. No. 109) is **DENIED** as moot.

          S/ Yvette Kane
          Yvette Kane, Chief Judge
          United States District Court
          Middle District of Pennsylvania