**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES ISELEY,** | : | |
| **Plaintiff** | : | **Civil Action No. 1:05-CV-444** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **JOHN TALABER, et al.,** | : | |
| **Defendant** | : | |

**<u>MEMORANDUM</u>**

Plaintiff Charles Iseley is an inmate currently housed at the State Correctional Institution

at Fayette, Pennsylvania.  He filed this civil rights action pursuant to 42 U.S.C. § 1983 on March

2, 2005.  Named as Defendants are Jeffrey Beard, Secretary of the Department of Corrections,

and John Talaber, assistant counsel for the Department.  Plaintiff alleges that Defendants violated

his constitutional rights by denying him access to certain publications and then retaliating against

him by ordering the publications' destruction in return for his filing a petition for writ of

mandamus in state court challenging the denial of access.  Plaintiff seeks a declaratory judgment

and damages for the violation of the both the First Amendment and the Equal Protection clause

of the Fourteenth Amendment.  Before the Court is Defendants' motion for judgment on the

pleadings.  (Doc. No. 92.)

**I.      BACKGROUND**

In March 2003, while confined at the State Correctional Institution at Pittsburgh,

Pennsylvania, Plaintiff was transferred to the Long Term Segregation Unit (LTSU) within the

prison.  The LTSU is the most restrictive maximum-security housing within the Department of

Corrections, designed for high-risk inmates with extremely limited programming and privileges.

The LTSU Program has four levels; Level 4 is the most restrictive level.  At the time relevant to

the incidents alleged in the complaint, Plaintiff was housed in Level 3.  During his stay in the

LTSU, certain publications were confiscated.

Plaintiff filed a petition for writ of mandamus in the Commonwealth Court of

Pennsylvania challenging the confiscation of these publications.  In that action, Plaintiff named

Defendant Beard as the respondent, and Defendant Talaber served as counsel for Beard.  (See

Doc. No. 28-2.)  The Commonwealth Court denied Plaintiff's petition on the grounds that

"[b]ecause Iseley's inmate grievances were not or have not been pursued to finality, his

constitutional claims have not ripened and, consequently, he has not set forth a non-discretionary

act which the Department has failed to perform."  Iseley v. Beard, 841 A.2d 168, 172 (Pa.

Commw. Ct. 2004).  In addition, the Commonwealth Court held that the policy of confiscating

publications was lawful because a valid, rational connection existed between the prison

regulation and the legitimate and neutral governmental interests of rehabilitation and prison

security.  Id. at 174.  As a result, Beard's cross motion for summary relief was granted.

In the case at bar, Plaintiff alleges that, as a result of his filing the mandamus action,

Defendants Talaber and Beard "singled him out" and ordered that the confiscated publications be

destroyed.  Plaintiff claims that because of this action, he was prevented from using the destroyed

publications as exhibits in the mandamus action.  Plaintiff claims that Defendants violated his

First and Fourteenth Amendment rights by singling him out, unlawfully confiscated his

publications, and destroying the publications in retaliation for his filing of the state action.

## II.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(c), once the pleadings are closed, but

within such time as to not delay trial, a party may move for judgment on the pleadings.  The

standard of review for a motion for judgment on the pleadings is identical to that of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).  The only difference is that, on a motion for judgment on the pleadings, the Court reviews not only the complaint, but also the answer and written instruments attached to the pleadings.  2 James Wm. Moore et al., Moore's Federal Practice – Civil § 12.38. If matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Federal Rule of Civil Procedure 56.

Just as required by a motion to dismiss, the Court will accept the factual allegations as true and draw all reasonable inferences presented in the pleadings in the light most favorable to plaintiffs.  Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004).  If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss, Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007), or a motion for judgment on the pleadings, Turbe, 938 F.2d at 428. The court should consider the allegations in the pleadings, the exhibits attached thereto, matters of public record, and "undisputedly authentic" documents if Plaintiff's claims are based on such documents.  See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196-97 (3d Cir. 1993).

## III.  DISCUSSION

Plaintiff's complaint and Defendants' motion for judgment on the pleadings raise two distinct issues: (1) Plaintiff's challenge to the Defendants' confiscation of his publications; and (2) Defendants' allegedly retaliatory destruction of the confiscated publications.  The Court will

address each in turn.

### A.   Confiscation

Defendants argue that Plaintiff's challenge to the confiscation of the publications in this action is precluded under the doctrine of claim preclusion, also referred to as res judicata.  The doctrine of res judicata provides that "a final judgment rendered by a court of competent jurisdiction, on the merits, is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to a subsequent action involving the same cause of action."  In re Weisbrod & Hess Corp., 129 F.2d 114 (3d Cir. 1942).  As explained by the Third Circuit Court of Appeals, res judicata bars a second suit where "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."  Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991).  The "purpose of [the res judicata] doctrine is to relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudications."  Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 551 (3d Cir. 2006).  Res judicata not only bars relitigation in a second suit of what was actually litigated in the first suit, but also bars relitigation of what *could have been* litigated in the first suit.  Swineford v. Snyder County, 15 F.3d 1258, 1266 (3d Cir. 1994).

Here, res judicata applies to Plaintiff's challenge to the confiscation of his publications. It is undisputed that a final judgment has been rendered on the merits in the Commonwealth Court action and that both actions involve the same parties.[1]  Moreover, it is plain from the

---

[1] Defendant Talaber, although not a party to the Commonwealth Court action, was nonetheless in privity with Defendant Beard because he served as counsel in the action and, as assistant counsel for the Department of Corrections, shared the same legal interests in the

Commonwealth Court opinion that this case presents identical legal claims based on identical

underlying events, and that the Commonwealth Court held that the policy in question was lawful.

Iseley, 841 A.2d at 174.  Accordingly, Plaintiff's challenge of the confiscation of his publications

is barred by the doctrine of res judicata and Defendants' motion for judgment on the pleadings

will be granted with regard to this issue.[2]

### B.    Retaliation Issue

The Court will now turn to Plaintiff's second claim: that Defendants ordered the

destruction of his publications in retaliation for his filing in state court.  Without considering the

merits of Plaintiff's retaliation claim, the Court finds that judgment on the pleadings is not

warranted for the following reasons.

First, with regard to Defendants' argument of res judicata, it is clear from the pleadings

that Plaintiff did not—and could not—raise in the state court action any retaliation claim with

regard to the destruction on his publications.  Indeed, the pleadings reveal that Defendants

alleged destruction of Plaintiff's incoming publications did not begin until *two months after* the

---

outcome of that case.  Plotner v. AT&T Corp., 224 F.3d 1161, 1169 (10th Cir. 2000) ("The law
firm defendants appear by virtue of their activities as representatives of Green and AT&T, also
creating privity."); see also Jett v. Beech Interplex, Inc., No. 02-9131, 2004 U.S. Dist. LEXIS
13552, at *14 (E.D. Pa. July 15, 2004) (holding that attorney acted as an "agent" for client based
upon the representation in prior lawsuit and therefore was in privity with the client for res
judicata purposes); but see Ammon v. McCloskey, 655 A.2d 549, 554 (Pa. Super. Ct. 1995) ("In
the prior action, the lawyer was a professional representative, who owed complete allegiance to
the client, but who had no personal interest in the rights being litigated.  His interests were not
the same as the client, and he was not in privity with him.").

[2]  For the same reasons, Plaintiff's Equal Protection claim regarding the confiscation of
his publications is also barred.  The Commonwealth Court specifically held that the confiscation
of Plaintiff's publications did not violate the Equal Protection Clause because Plaintiff, as a
Level-3-unit inmate in the LTSU, was not similarly situated to those inmates in lower level
security units.  See Iseley, 841 A.2d at 173, n. 10.

state action was filed.  Accepting as true the facts and inferences presented in the pleadings in the light most favorable to Plaintiff, the Court is unable to resolve this issue on a motion for judgment on the pleadings.

Second, judgment on the pleadings is similarly not warranted with regard to Defendants' argument that Plaintiff failed to exhaust his administrative remedies.  Defendants maintain that Plaintiff failed to pursue his claims to the final level of review within the Department of Corrections.  In support of this argument they rely on a declaration from Kristin Reisinger, Assistant Chief Grievance Coordinator in the Secretary's Office of Inmate Grievances and Appeals.  The declaration referred to is actually attached to a brief in opposition to a motion for summary judgment filed by Plaintiff earlier in this action.  To consider these matters outside the pleadings, the Court must convert the motion to one for summary judgment, and give Plaintiff notice of the same.  Fed. R. Civ. P. 12(d).  Further, in opposing Defendants' exhaustion argument, Plaintiff appears to argue that his efforts to properly exhaust were thwarted by Defendants, and also attempts to rely on various documents including grievances and letters he submitted to the prison officials.  As such, judgment on the pleadings is not proper at this point in litigation and their motion will be denied with respect to Defendants' exhaustion argument.

IV.    **CONCLUSION**

Based on the foregoing, Defendants' motion for judgment on the pleadings will be granted in part and denied in part.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES ISELEY,** | : | |
| Plaintiff | : | **Civil Action No. 1:05-CV-444** |
| | : | |
| v. | : | **(Chief Judge Kane)** |
| | : | |
| **JOHN TALABER, et al.,** | : | |
| Defendant | : | |

## ORDER

    **AND NOW,** on this 31st day of March, 2008, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Defendants' Motion for Judgment on the Pleadings (Doc. No. 92) is **GRANTED IN PART AND DENIED IN PART** as follows:

    1.    The motion is **GRANTED** with regard to the issues of confiscation of the publications and to Plaintiff's Equal Protection claims.

    2.    The motion is **DENIED** in all other respects.

    **IT IS FURTHER ORDERED THAT**, within thirty (30) days from the date of this order, the parties may file any further dispositive motions.

                           s/ Yvette Kane
                           Yvette Kane, Chief Judge
                           United States District Court
                           Middle District of Pennsylvania