IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


CHARLES ISELEY,                          :          CIVIL NO. 1:CV-05-0444
                    Plaintiff,           :
                                         :            (Chief Judge Kane)
          v.                             :
                                         :
JOHN TALABER , et al.,                   :
                    Defendants           :


**M E M O R A N D U M**

**I.      Introduction**

          Plaintiff Charles Iseley filed this civil rights action pursuant to 42 U.S.C. § 1983 on

March 2, 2005.  He is currently an inmate housed at the State Correctional Institution at

Somerset, Pennsylvania.  Named as Defendants are Jeffrey Beard, Secretary of the Department

of Corrections ("DOC") and John Talaber, assistant counsel for the DOC.  Plaintiff alleges that

Defendants denied him access to publications and ordered their destruction, as well as other

incoming publications, in retaliation for his filing of a state court mandamus action against

Beard.  Talaber served as Beard's counsel in the state action.  Plaintiff claims that he was

"singled out" and, as a result of Defendants' actions, was unable to use some of the destroyed

publications as exhibits in his underlying state court action.  Plaintiff seeks a declaratory

judgment and damages for the violation of both the First Amendment and the Equal Protection

clause.  Presently pending before the Court are Plaintiff's Motion to Amend the Complaint (Doc.

No. 116) and Plaintiff's Motion for Reconsideration of a Memorandum and Order issued on

March 31, 2008, granting in part and denying in part Defendants' motion for judgment on the

pleadings (Doc. No. 118).[1]

II.      **Background**

In March of 2003, while confined at the State Correctional Institution at Pittsburgh,

Pennsylvania, Plaintiff was transferred to the Long Term Segregation Unit (LTSU) within the

prison.  The LTSU is the most restrictive maximum security housing within the DOC designed

for high-risk inmates, and is coupled with extremely limited programming and privileges.  The

LTSU Program has four (4) levels, with Level 4 being the highest level.  At the time relevant to

the incidents alleged in the complaint Plaintiff was in Level 3.  During his stay in the LTSU,

certain publications were confiscated.  Plaintiff filed a petition for writ of mandamus in the

Commonwealth Court of Pennsylvania challenging the denial of the publications, and naming

Defendant Beard as the respondent (Doc. No. 28, Docket Sheet in Iseley v. Beard, 841 A.2d 168

(Pa. Commw. 2004)).  Defendant Talaber represented Beard in this action.  Plaintiff contends

that he was going to use the confiscated publications which were not destroyed as exhibits in his

state court action.  However, Plaintiff contends that in June of 2003, in retaliation for his filing of

the state court action, Beard and Talaber "singled him out" and ordered that the confiscated, as

well as any incoming publications, be destroyed.  Because of the alleged destruction, Plaintiff

claims he was unable to use the publications as exhibits in his state action.  It is undisputed that

the mandamus petition was dismissed due to Plaintiff's failure to exhaust available state

remedies.  In addition, the Commonwealth Court found a valid, rational connection existed

between the prison regulation and the legitimate and neutral governmental interest of

---

[1]  Also pending in this action is Defendants' motion for summary judgment (Doc. No. 121).  This motion will be addressed in a separate Memorandum and Order to be issued by the Court.

rehabilitation and prison security put forward by Beard to justify the publication ban. (Id., 841

A.2d at 174.)  As a result, Beard's cross motion for summary relief was granted.  In the instant

action, Plaintiff claims that Defendants violated the First Amendment and the Equal Protection

Clause by singling him out and confiscating and destroying his publications in retaliation for his

filing of the state action.

## III.   Discussion

### A.   Motion to Amend the Complaint

Plaintiff has filed a motion to amend his complaint to include "Jury Trial Demanded."

(Doc. 116.)  He claims that when he initially prepared his complaint it was handwritten, and that

upon his request his parents typed the document for submission to the Court.  In doing so,

Plaintiff claims that his demand for a jury trial was inadvertently omitted.  He maintains that

because there exists no prejudice to Defendants or undue delay or bad faith on his part, his

amendment should be permitted.

Without unnecessary elaboration Plaintiff's motion will be denied.  Previously in this

action Plaintiff attempted to include a jury trial demand.  On May 14, 2007, he filed a "Motion

for Jury Trial" (Doc. No. 89), which was subsequently denied by the Court on September 28,

2007.  (Doc. No. 107.)  Accordingly, for all of the reasons previously set forth by the Court in

said order, Plaintiff's instant motion will be denied.

### B.   Motion for Reconsideration

Plaintiff seeks reconsideration of the Memorandum and Order issued by the Court on

March 31, 2008, wherein a motion for judgment on the pleadings filed by Defendants was

granted in part and denied in part.  (Doc. No. 118.)  In the Memorandum, the Court addressed

two distinct issues: (1) Plaintiff's challenge to Defendants' confiscation of his publications and

(2) Defendants' allegedly retaliatory destruction of the confiscated publications. In the pending

motion, Plaintiff challenges the Court's decision that the confiscation of Plaintiff's publications

and the related Equal Protection claim are barred by the doctrine of res judicata, and the grant of

Defendants' motion for judgment on the pleadings with respect to these issues.

### 1.    Legal Standard

The standard for granting a motion for reconsideration is a stringent one.  "Because

federal courts have a strong interest in the finality of judgments, motions for reconsideration

should be granted sparingly."  Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp.

937, 943 (E.D. Pa. 1995); see also Armstrong v. Reisman, No. 99-CV-4188, 2000 WL 288243,

at *2 (E.D. Pa. Mar. 7, 2000).  "The purpose of a motion for reconsideration is to correct

manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v.

Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); accord Dodge v.

Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992).  Further, this court has cautioned

litigants that a mere disagreement with the court does not translate into a clear error of law.

Dodge, 796 F. Supp. at 830.  Rather, a party seeking reconsideration must demonstrate at least

one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an

intervening change in the controlling law; (2) the availability of new evidence that was not

available when the court entered judgment; or (3) the need to correct a clear error of law or fact

or to prevent manifest injustice.  Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir.

1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.

1995)).  A motion for reconsideration is appropriate in instances where the court has

"misunderstood a party, or has made a decision outside the adversarial issues presented to the

Court by the parties, or has made an error not of reasoning, but of apprehension."  See Rohrbach

v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other

grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v.

Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).  It may not be used as a means

to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court

in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp.2d 678, 682

(E.D. Pa. 2001).

        **2.**    **Analysis**

In the Memorandum and Order of March 31, 2008, the Court found res judicata to apply

to Plaintiff's challenge to the confiscation of his publications for the following reasons.  It is

undisputed that a final judgment was rendered on the merits in Commonwealth Court action, and

that both said action and the instant action involve the same parties.  Although Defendant

Talaber was not an actual party to the Commonwealth Court action, he was nonetheless in

privity with Defendant Beard because he served as counsel in the Commonwealth action and, as

assistant counsel for the Department of Corrections, shared the same legal interests in the

outcome of that case.  (Doc. No. 115 at 4-5, n.1.)  Further, after reviewing the Commonwealth

Court opinion, it is clear that the instant case presents identical legal claims based on identical

underlying events, and that the Commonwealth Court found the DOC policy in question to be

lawful.  As such, Plaintiff's claim in the pending case challenging the confiscation of his

publications was found to be barred by res judicata and Defendants' motion for judgment of the

pleadings granted with regard to this issue.[2]

In moving for reconsideration Plaintiff claims that the application of the res judicata doctrine was not proper because: (1) the Commonwealth Court lacked jurisdiction to award damages; (2) the instant action concerns a federal law question; (3) the capacity of the parties is not identical and (4) the Commonwealth Court judgment was obtained by fraud.  In seeking reconsideration, Plaintiff also argues that the Commonwealth Court's finding with regard to his Equal Protection claim was in error and that it would be manifest injustice to apply the res judicata doctrine and not allow him to pursue his claims in this action.

Petitioner's claims are without merit for the following reasons.  First, many of the arguments he raises are attacks not on this Court's application of the res judicata doctrine, but rather attacks on the findings of the Commonwealth Court.  This is not the forum to challenge any findings by the state court.  Further, there is no question that Defendant Beard was a party in both the Commonwealth Court action as well as the instant action, regardless of the capacity in which he was named as a defendant.  Finally, there is no question that the same legal claims based on identical underlying events were presented in the Commonwealth Court that Petitioner raises in this Court, and that the Commonwealth Court held the policy in question to be lawful. No manifest injustice results from the application of res judicata in this matter.  Application of the res judicata is proper in this case for all of the reasons set forth in the Court's Memorandum and Order of March 31, 2008, and serves the intended purpose of the doctrine of relieving parties of involvement in multiple lawsuits, conserving judicial resources, preventing inconsistent decisions and encouraging reliance on adjudications.  See Turner v. Crawford Square

---

[2]Drop footnote regarding EP claim and why was also found to be barred by this court.

Apartments III, L.P., 449 F.3d 542, 551 (3d Cir. 2006).  Accordingly, Plaintiff's motion will be denied.         **IV.       Conclusion**

Based on the foregoing, Plaintiff's Motion to Amend and Motion for Reconsideration will be denied.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES ISELEY, | : | CIVIL NO. 1:CV-05-0444 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JOHN TALABER , et al., | : | |
| Defendants | : | |

# **O R D E R**

**AND NOW,** on this 5th day of November, 2008, for the reasons set forth in the

accompanying Memorandum, **IT IS HEREBY ORDERED** as follows:

1.  Plaintiff's Motion to Amend (Doc. No. 116) is **DENIED**.

2.  Plaintiff's Motion for Reconsideration (Doc. No. 118) is **DENIED**.


S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania