IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


CHARLES ISELEY,                      :        CIVIL NO. 1:CV-05-0444
                    Plaintiff,       :
                                     :          (Chief Judge Kane)
            v.                       :
                                     :
JOHN TALABER , et al.,               :
                    Defendants       :


**M E M O R A N D U M**

I.     **Introduction**

        Plaintiff Charles Iseley filed this civil rights action pursuant to 42 U.S.C. § 1983 on

March 2, 2005.   He is currently confined at the State Correctional Institution at Fayette,

Pennsylvania.  Named as Defendants are Jeffrey Beard, Secretary of the Department of

Corrections ("DOC"), and John Talaber, assistant counsel for the DOC.  Pending before the

Court is Plaintiff's motion seeking reconsideration of the Court's Memorandum and Order dated

march 20, 2009, granting Defendants' motion for summary judgment.  (Doc. No. 131.)  Also

pending is Plaintiff's "Motion to Hold the Case in Suspense."  (Doc. No. 135.)  For the reasons

that follow, both motions will be denied.

II.    **Background**

        In the complaint Plaintiff alleges that Defendants denied him access to publications and,

thereafter, retaliated against him by ordering their destruction due to his filing of a state court

mandamus action against Beard regarding the confiscation.  Talaber served as Beard's counsel in

the state action.  Plaintiff claims that he was "singled out" and, as a result of Defendants' actions,

was unable to use some of the destroyed publications as exhibits in his underlying state court

action.  On March 31, 2008, the Court granted Defendants' Motion for Judgment on the

Pleadings with respect to the claims of confiscation of the publications and equal protection. (Doc. No. 115.) The motion was denied in all other respects. On March 20, 2009, Defendants' motion for summary judgment was granted with respect to Plaintiff's retaliation claim - the sole remaining issue in the case. The Court found that Plaintiff had failed to exhaust his retaliation claim, granted the summary judgment motion and closed the case. (Doc. No. 129.)

## II.    Discussion

### A.    Motion to Hold Case in Suspense

Plaintiff requests the Court to "hold this case in suspense." (Doc. No. 135.) He claims that he is in the process of sending all of his property out of the prison because he is to be released soon. He claims that he will have no access to the legal materials needed for litigating this action once he does so. (Doc. No. 136.) Plaintiff's motion will be denied in that there are no further documents he is required to file in this matter. Summary judgment has been entered against him, and the case is closed. While Plaintiff has filed a motion seeking reconsideration of said decision, he has submitted his supporting brief and the motion is presently before the Court for consideration at this time.[1]

### B.    Motion for Reconsideration

Plaintiff seeks reconsideration of this Court's Memorandum and Order of March 20, 2009 (Doc. No. 129), granting summary judgment on Plaintiff's claim of retaliation. Summary judgment was granted in favor of Defendants on the basis of Plaintiff's failure to exhaust his administrative remedies as mandated by 42 U.S.C. §1997e(a). In his motion, Plaintiff raises

---

[1] The Court also notes that Plaintiff filed his motion on October 13, 2009. As of this date, he is still currently confined at SCI-Fayette. If, for some reason at a later time, Plaintiff should need an enlargement of time in this action, he can always file an appropriate motion.

arguments which include the following: (1) the existence of new evidence; (2) the Court's failure to consider/give appropriate weight to Plaintiff's evidence; (3) the Court's improper conduct in raising arguments on behalf of Defendants; and (4) the failure of the Court to address Plaintiff's argument that Defendants waived the exhaustion defense. For the reasons that follow, the motion is found to be without merit.

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996)(quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of

judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Plaintiff first contends that new evidence exists "to corroborate" his argument that the prison grievance system was unavailable to him in attempting to exhaust his grievances. In support of his argument, he attaches a copy of an Inmate Request to Staff Member he submitted on December 11, 2007, to Mary Ann Kishner, Grievance Coordinator at SCI-Fayette. (Doc. No. 132, Ex. 1.) In the document Plaintiff asks to be advised of the proper procedure for filing a prison grievance against a DOC employee not stationed at SCI-Fayette. In the response dated December 13, 2007, he is advised that he cannot use the grievance system for doing so. The instant action was filed in March of 2005. Plaintiff cannot attempt to rely on this Inmate Request to Staff and response thereto from December of 2007 in an attempt to support actions or inactions on his part years ago.

Plaintiff next claims that the Court failed to consider his the declaration and other evidence he submitted in opposing Defendants' motion for summary judgment. In considering Defendants' summary judgment motion, the Court must view all inferences from the underlying facts in the light most favorable to the non-moving party. In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In doing so, it is well established that unsubstantiated arguments made in briefs are not considered evidence of asserted facts, see Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993), and that allegations made without any evidentiary support may be disregarded. Jones v. UPS, 214 F.3d 402, 407 (3d Clr. 2000).

4

Conclusory, speculative allegations in affidavits and moving papers, without more, in the face of documentary evidence, are insufficient to create a genuine issue of fact and defeat summary judgment. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

In the instant case, Plaintiff disagrees with the Court's finding that no genuine issue of material fact existed preventing the entry of summary judgment in this matter. The Court applied the proper standard in considering the evidence contained in the record. While Plaintiff may disagree with the outcome, his disagreement and attempts to reargue his opposition to Defendants' motion for summary judgment are not proper grounds for filing a motion for reconsideration.

Plaintiff next contends that the Court "improperly raised an argument for the Defendants that they did not argue." (Doc. No. 132 at 6.) He claims that Defendants did not raise Plaintiff's failure to exhaust with respect to the retaliation claim in their motion for summary judgment. Without unnecessary elaboration, the Court finds Plaintiff's argument to be wholly without merit. The motion for summary judgment and brief in support thereof filed by Defendants clearly raise the exhaustion argument with respect to the retaliation claim, as retaliation was the sole claim remaining in this action at that time.

Plaintiff next contends that the Court failed to address his argument that Defendants waived any exhaustion defense. Even if this argument was raised and not specifically addressed by the Court, reconsideration of the grant of summary judgment is not warranted. When Defendants filed their answer to the complaint on May 24, 2005, they raised an affirmative defense therein on the basis of Plaintiff's failure to exhaust his claims under the Prison Litigation Reform Act. (Doc. No. 14, Answer at 7.) The failure to exhaust was thereafter raised as a

ground in Defendants' summary judgment motion. (Doc. No. 121.)

Plaintiff finally argues that he is entitled to reconsideration in this matter because a due process claim remains concerning his placement/retention in the Long Term Segregation Unit. Thus, even if summary judgment was warranted on the retaliation claim, Plaintiff maintains that a claim still exists and the case should not have been closed by the Clerk of Court. Plaintiff's contention is without merit. In reviewing Plaintiff's complaint, and in particular the "Cause of Action" section of the complaint where he frames the issues before the Court, there is no question that this claim was never raised. As is plainly evidenced from a review of the documents filed by the parties and the opinions issued by the Court during the pendency of this action, Plaintiff's placement and retention in the LTSU were never issues in this case. The record speaks for itself and, as such, this ground for reconsideration is also without merit. For all of the reasons stated above, the motion for reconsideration will be denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


| CHARLES ISELEY, | : | CIVIL NO. 1:CV-05-0444 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JOHN TALABER , et al., | : | |
| Defendants | : | |

**O R D E R**

**AND NOW,** on this 3rd day of February, 2010, for the reasons set forth in the

accompanying Memorandum, **IT IS HEREBY ORDERED** as follows:

1.    Plaintiff's Motion for Case to Hold Case in Suspense (Doc. No. 135) is **denied**.

2.    Plaintiff's Motion for Reconsideration (Doc. No. 131) is **denied**.


S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania